Emily Hall Spreckels v. Commissioner.
Spreckels v. Commissioner
Docket No. 3482.
United States Tax Court
1946 Tax Ct. Memo LEXIS 278; 5 T.C.M. (CCH) 49; T.C.M. (RIA) 46025; January 25, 1946
Granville S. Borden, Esq., 225 Bush St., San Francisco, Calif., for the petitioner. Leonard A. Marcussen, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in income tax for the year 1941 in the amount of $528.57. There is only one question, whether petitioner is entitled to a deduction in 1941 in the amount of $2,300.00 on account of a bad debt. Respondent disallowed the deduction for the reason that the item did not represent a debt which became worthless in the taxable year within section 23 (k) of the Internal Revenue Code. Petitioner filed her return with the collector for the sixth district of California. Findings of Fact Petitioner resides in Santa Barbara, California. In the *279 early part of 1933, petitioner made several loans to Dearing Davis in Santa Barbara in the aggregate amount of $2,300.00, and received his notes for the same amount. The indebtedness has never been paid. Petitioner did not keep any books of account, other than her check book. In 1933, Davis was a friend of petitioner's husband at that time, and played on the husband's polo team in Santa Barbara. Davis misrepresented his financial position to petitioner with respect to his alleged ownership of polo ponies. Petitioner requested payment of the loan at the end of the polo season in 1933. Davis was unable to make payment. He was about to leave for Chicago and promised to repay the loan after he reached Chicago. Petitioner has not heard from Davis since. In 1939, petitioner gave the notes to her attorney in Santa Barbara for collection, and he, in turn, sent them to corresponding lawyers in Chicago for collection. They reported in 1939 that Davis had no assets and that collection could not be made. Petitioner was advised that since Davis was not in the State of California, the statute of limitations would not run against the notes to prevent her collecting upon them. After efforts to *280 collect the debt in 1939 failed, petitioner continued to have a remote hope that at sometime she would be able to locate some property belonging to Davis which she could attach. The notes did not become worthless in the taxable year. Opinion The only question is whether the debt became worthless within the taxable year. The burden of proof is upon petitioner, and it appears that she has offered all the proof she has. It falls far short of establishing that the debt became worthless in the taxable year, or that it had any value at the beginning of the taxable year. For a period of seven years, up to 1941, petitioner had not received any indication that Davis could or would repay the loans. In 1939, attorneys in Chicago, after investigation, reported, in effect, that the notes could not be collected because the debtor had no assets. That was tantamount to a finding that the debtor was insolvent in 1939. The debt was worthless then. There is no evidence of the solvency of the debtor in any subsequent year. It is held that petitioner has failed to prove that the notes had any potential value at the beginning of 1941, or that they had any value during 1941. It follows that the debt *281 did not become worthless within 1941. Section 23 (k) (1) Internal Revenue Code as amended by section 124, Revenue Act of 1942, (effective in respect of years beginning after December 31, 1938). Cf. H. B. Moore, 8 B.T.A. 749, 755. See Cittadini v. Commissioner, 139 Fed. (2d) 29, where the taxpayer admitted that she could not prove that a debt became worthless within the taxable year. Petitioner's testimony was given under deposition. Nothing in her testimony would support a finding of fact that the debt of Davis had any value, actual or potential at the beginning of 1941, or that any event happened during 1941 which determined worthlessness of the debt within that year. Decision will be entered for the respondent.